UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SAROWAR HUSSAIN,

                    Petitioner,                Case No. 1:26-cv-709

v.                                      Honorable Jane M. Beckering

KEVIN RAYCRAFT et al.,

                    Respondents.
_____/

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to immediately release Petitioner. (Pet., ECF No. 1, PageID.18.)

In an Order entered on March 6, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on March 11, 2026 (ECF No. 6), and Petitioner filed his reply on March 23, 2026 (ECF No. 7).

## II.     Relevant Factual Background

Petitioner is a citizen of Bangladesh who entered the United States in 2021. Op., *Hussain v. Raycraft* (*Hussain I*), No. 1:26-cv-515 (W.D. Mich. Feb. 26, 2026) (ECF No. 5). On January 29, 2026, Petitioner was arrested by ICE agents. *Id.*

On February 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Hussain I*. In *Hussain I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Hussain I*, (W.D. Mich. Feb. 26, 2026), (ECF Nos. 5, 6).

On March 2, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Pet., ECF No. 1, PageID.4.) At that hearing, Petitioner submitted 104 pages of evidence in support of his request for bond, while the Government relied solely on the I-213 form. (*Id.*) At the conclusion of the March 2, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight risk." (Immigration Judge Order, ECF No. 6-1, PageID.57.)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on March 2, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an

2

unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a Judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   March 25, 2026              /s/ Jane M. Beckering
                                     Jane M. Beckering
                                     United States District Judge